IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES COPPEDGE | : | CIVIL ACTION |
| | : | NO. 12-1917 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| | : | |

O'NEILL, J.                                                                                  September 4, 2012

## MEMORANDUM

Now before me are two motions dismiss the claims of plaintiff James Coppedge, who is proceeding pro se. The first, filed on behalf of defendants City of Philadelphia, Joan Decker and James Vandemark, seeks to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The second, filed on behalf of defendant Andrew L. Markowitz, Esq, seeks to dismiss plaintiff's claims pursuant to Rule 12(b)(6). After considering the motions to dismiss and Coppedge's response thereto[1] and for the

---

[1] Coppedge did not file documents clearly identified as responses to the instant motions to dismiss within the time permitted by the Federal Rules of Civil Procedure. After defendants filed the instant motions, however, Coppedge filed the following documents: "Notice of Non-Response – Fault: Opportunity to Cure Fault," Dkt. No. 13, June 19, 2012; "Notice of Praecipe to Enter Judgment By Default: Plaintiff's Petition/Motion to Affirm Default: Notice of Default and Dishonor Against Andrew L. Markowitz," Dkt. No. 14, July 3, 2012; and "Notice of Default and Dishonor Against Defendant Joan Decker. Petition to Void Judgment and Vacate Sheriff's Sale Due to Fraudulent Conveyance." Dkt. No. 15, July 3, 2012.
On July 31, 2012, the Court entered an order that no action would be taken with respect to the notice of non response-fault and requests for default until disposition of the pending motions to dismiss. Dkt. No. 16. Thereafter, on August 13, 2012, Coppedge filed a document including a proposed form of order asking the Court to rule on "Plaintiff's Motion to Dismiss and Vacate the Sheriff Sale and Writ of Possession for lack of jurisdiction and the Defendants [sic] Default Judgment and response thereto." Dkt No. 17.
Having reviewed these documents, the Court now concludes that they constitute Coppedge's response to defendants' motions. The Court will vacate its Order of July 31, 2012 and, along with docket number 18, will consider docket numbers 14, 15 and 16 as Coppedge's response to defendants' motions to dismiss.

reasons that follow, I will dismiss Coppedge's claims against the defendants.

## BACKGROUND

In this action, Coppedge complains about the outcome of various state court proceedings relating to a property located at 3737 North 18th Street, Philadelphia, Pennsylvania, including a state court foreclosure action captioned as JP Morgan Chase Bank, N.A. v. Coppedge, No. 2170 (Ct. Comm. Pl. Phila. Cty. May Term 2009).[2] The property at 3737 North 18th Street was foreclosed upon and then sold at a sheriff's sale by the Sheriff of Philadelphia County on May 4, 2010. Dkt. No. 10-5. JP Morgan Chase, the plaintiff in the foreclosure action, was the successful bidder on the property. JP Morgan Chase assigned its bid to the property to Homesales, Inc. Coppedge then attempted to appeal the foreclosure to the Pennsylvania Superior Court and Supreme Court. Id. The appeals were both denied. Id.

Thereafter, on February 6, 2012, Coppedge filed a complaint in the Court of Common Pleas for Philadelphia County in which he alleged a "conspiracy to commit fraud against the Plaintiff in wrongful Sheriff Sale proceedings without consent." Dkt. No. 10-1, ECF p. 4; Coppedge v. Decker, et. al., No. 000292 (Ct. Comm. Pl. Phila. Cty. February Term 2012). Coppedge asked the Court of Common Pleas "to order the correction of the fraudulent record as stipulated and prevent the Defendant(s) from filing any future false evidence of debt and bar the defendants from future property theft claims against the Plaintiff." Dkt. No. 10-1, ECF p. 6. He then filed petitions with the Court of Common Pleas seeking to vacate the sheriff's sale. The

---

[2] The Court may take judicial notice of related state court filings involving Coppedge – which are matters of public record – without converting the defendants' motions into motions for summary judgment. See McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009).

Court denied his petitions on March 15 and March 18, 2012 and the matter was closed on March 29, 2012. Dkt. Nos. 10-2, 10-3.

Coppedge commenced this action on April 3, 2012 by filing with this Court a document identified as both an "Opening Brief in Support of the Petition to Affirm For: Plaintiff James Coppedge's [sic]" and a "Complaint for Injunction and Other Relief FRCP 9(h), 60(b)5." Dkt. No. 1. Defendants filed motions to dismiss Coppedge's claims against them and, on May 21, 2012, Coppedge filed a document with the Court bearing the title "Complaint." The document was docketed as plaintiff's amended complaint. Dkt. No. 7. On May 23, 2012, Coppedge filed yet another document with the Court, this time titled as a "Complaint for Permanent Injunction and Other Relief in Mortgage Foreclosure Fraud FCRP Rule 9(h), 60(b)5." Dkt. No. 8. This document was docketed as plaintiff's second amended complaint.[3]

Coppedge's filings with this Court complain, inter alia, that defendants violated his rights under the 4th, 5th, 7th and 14th Amendments to the U.S. Constitution. Id. at ECF p. 2. He alleges that defendants "doing business under Color of Law and Color of Office in Conspiracy of theft of credit and theft of property . . . illegally transferr[ed] the [deed to 3737 North 18th Street] to Homestead, Inc., an extended arm of J.P. Morgan Chase Bank without contract and without consent from the Authorized representative of record." Dkt. No. 1 at ECF p. 4. In his initial complaint, Coppedge asked the Court to consider three questions. First:

> [d]oes the evidence show that the property was taken without the
> consent of the Authorized Representative of the Corporate Issue:

---

[3] The Court must liberally construe pleadings from pro se litigants. See, e.g., Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Accordingly, in endeavoring to interpret the claims that Coppedge intends to assert against the defendants in this action, the Court considers the claims set forth in each of the documents docketed as Coppedge's complaints.

> James Coppedge in spite of full settlement and disregard for private negotiable instruments through the Department of the Treasury and the Secretary of the Treasury in violation of the [ ]codes and regulations

cited in his complaint?  Dkt. No. 1 at ECF p. 5.  Second:

> [d]id the Lower Courts error [sic] and violate their Oaths of Office by failing to Honor Congressionally authorized substitution of payment of debts by *private* negotiable instrument pursuant toHJR-192 of June 5, 1933 with respect to the United States Constitution Article 1 Section 10, in the absence of lawful real money by operating under color of law, color of office and color of justice in refusing to discharge the debt?

Id. at ECF p. 5-6 (emphasis in original).  Third: "Was the Original Promissory Note with wet ink signature and Title Page back and front ever presented as demanded of the Banks to show ownership of the property?"  Id. at ECP p. 7.  Coppedge's subsequent pleadings do not directly ask the Court to determine whether the state courts committed "error," but include allegations that the sheriff's sale was "illegal," Dkt. No. 7 at ECF p. 3, and request that this Court vacate the sheriff's sale.  Id at ECF p. 4, and Dkt. No. 8 at ECF p. 5.

Further, in each of the documents filed by Coppedge in response to the motions to dismiss, he makes clear that he seeks to:  (a) challenge the state court determinations with respect to the validity of the documents used by the defendants to support their case in mortgage foreclosure; and (b) have the Court vacate the sheriff's sale.  He argues, inter alia, that defendant Markowitz has "continued to bring fraud upon the Honorable Court by filing false evidence of debt and Mortgage Foreclosure without proof of claim . . . ," Dkt. No. 13 at ECF p. 3; that Markowitz's alleged failure to answer Coppedge "nullifies any alleged claim of ownership against the Property [at 2727 North 18th Street] . . . for failure to produce the Original

Promissory Note pursuant to UCC 3-305," Dkt. No. 14 at ECF p. 8); and that

> [t]he property in question was clearly stolen under color of law and color of office pursuant to 42 USC 1983. There was no just compensation without lawful due process given to the Secured Party Creditor and Authorized Representative of the Plaintiff before taking it pursuant to Secured Party' [sic] Security Agreement and on file and the 14th Amendment, Section 1. . . . JP Morgan Chase and Homestead, Inc. . . . have not shown any interest in the propery and have not produced any valid evidence of debt, pursuant to UCC 3-305.

(Dkt. No. 15 at ECF p 2-3.). In his August 13 filing, Coppedge asks the Court to rule on Plaintiff's "Motion to Dismiss and Vacate the Sheriff Sale and Writ of Possession for lack of jurisdiction and the Defendants [sic] Default Judgment and response thereto." Dkt No. 17 at ECF p. 2.

## STANDARD OF REVIEW[4]

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. "A motion under Rule 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the court's subject matter jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Because the motion filed by defendants City of Philadelphia, Joan Decker and James Vandermark presents a facial attack on Coppedge's claims, I assume that his allegations are true and consider whether "the pleadings fail to present an action or claim within the court's jurisdiction." Hall v. Easton Area Sch. Dist., No. 10–7603, 2012 WL 526287, at *2 (E.D. Pa. Feb. 17, 2012), citing Mortenson v. First Fed. Sav. &

---

[4] Although Defendant Markowitz frames his motion to dismiss as a motion pursuant to Rule 12(b)(6), he argues, inter alia, that the Court lacks jurisdiction over Coppedge's claims. See, e.g., Dkt. No. 11 at ECF p. 8. I find that Markowitz's motion is more appropriately disposed of as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). See Garcia v. Richard Stockton Coll., 210 F. Supp. 2d 545, 548 n.1 (D.N.J. 2002).

Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Plaintiff bears the burden of persuasion when subject matter jurisdiction is challenged. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## DISCUSSION

Coppedge states that in this action he seeks to claim violations of his constitutional rights, but it is evident that he actually seeks review and rejection of the Pennsylvania state court decisions pertaining to and arising out of the foreclosure of the property at 3737 North 18th Street. I find, therefore, that the Rooker-Feldman doctrine bars the Court's consideration of his claims. "The Rooker-Feldman doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." In re Madera, 586 F.3d 228, 232 (3d Cir. 2009). Where a "federal claim is inextricably intertwined with [a] state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong," it is barred under Rooker-Feldman. Id., at 232; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (finding that the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

In the three questions plaintiff posed to the Court in his first pleading, plaintiff explicitly asked the Court to engage in a review of the state court orders. Dkt. No. 1 at ECF p. 5-6 ("[d]id the Lower Courts error [sic] and violate their Oaths of Office . . . ?"). Although Coppedge removed his specific request that the Court review the state court orders in his subsequent

pleadings and filings, it remains clear that he is, at bottom, asking the Court to consider and reverse the state court determinations with respect the foreclosure of the property at 3737 North 18th Street.  For example, Coppedge's request that the Court vacate the sheriff's sale of the property, Dkt. No. 7 at 4, clearly implicates the Rooker-Feldman doctrine.  Cf. Coppedge v. Beaumont, No. 10-394, 2010 WL 2382944, at *3 (D. Del. June 11, 2010) (finding that if the Court allowed Coppedge's request that the Court void a sheriff's sale "to proceed against the defendants[, it] would allow him to use the federal courts to appeal a state court judgment and, thus, would run afoul of the Rooker Feldman doctrine.").

The Rooker-Feldman doctrine deprives the Court of subject matter jurisdiction over Coppedge's claims – effectively an appeal from the state court adjudication of matters surrounding the foreclosure of the property at 3737 North 18th Street – such that they must be dismissed.  Accordingly, I will grant defendant's motions and dismiss Coppedge's claims against the defendants with prejudice.[5]

An appropriate Order follows.

---

[5] Because his pleadings do not include any allegations suggesting that Coppedge could conceivably establish subject matter jurisdiction, the Court finds that any amendment of Coppedge's claims would be futile.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (finding that "futility" may "justify a denial of leave to amend").